IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSEPH ANTHONY § <br> ROCHA-CHAPARRO, § <br>     Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br>     Respondent. § | Cause No. EP-25-CV-156-LS <br> Cause No. EP-23-CR-465-LS-1 |

## MEMORANDUM OPINION AND ORDER

Joseph Anthony Rocha-Chaparro, federal prisoner number 50718-510, challenges his sentence through a *pro se* motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 172.[1] His motion is denied because it plainly appears from the record of prior proceedings that he is not entitled to relief.

## BACKGROUND AND PROCEDURAL HISTORY

In January of 2023, Rocha-Chaparro called co-defendant Josefina Escobar-Lizalda from the El Paso County Jail Annex in El Paso, Texas. Plea Agreement, ECF No. 100 at 3. He asked her to purchase two Glock 9mm pistols from a federal firearms licensee. *Id.*; *see also* Presentence Investigation, ECF No. 137 at ¶ 12. When the Bureau of Alcohol, Tobacco, Firearms, and Explosives denied Escobar-Lizalda's ATF Form 4473 Firearms Transaction Record, Rocha-Chaparro instructed her to purchase a Rock Island Model M1911 .45 caliber pistol from co-defendant Kainoa Sablan for $900. *Id.* Once Escobar-Lizalda made the purchase, Rocha-Chaparro

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-23-CR-465-LS-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

instructed her to strap the firearm to her body under lose-fitting clothing, cross the international border with Mexico, and deliver it to co-defendant Jose Antonio Rocha in exchange for $1500. *Id.* At the time Rocha-Chaparro made the calls, he was detained at the El Paso County Jail Annex awaiting trial on multiple state charges including murder. *Id.* at 4.

Rocha-Chaparro was indicted by a federal grand jury for trafficking in firearms (Count One), straw purchasing firearms (Count Two), and conspiracy to smuggle goods from the United States (Count Three). Superseding Indictment, ECF No. 64. He pleaded guilty pursuant to a plea agreement to Count One. J. Crim. Case, ECF No. 143.

The probation officer who prepared the presentence report noted that Rocha-Chaparro had pending state charges that included murder, aggravated assault, and engaging in organized criminal activity in Cause Number 20190D06137 in the 384th District Court in El Paso County, Texas. Presentence Investigation, ECF No. 137 at ¶ 59. She reported that Rocha-Chaparro's maximum term of imprisonment in this case was 15 years. *Id.* at ¶ 81. She also calculated, based upon a total offense level of 17 and a criminal history category of I, that Rocha-Chaparro's guideline imprisonment range was 24 months to 30 months. *Id.* at ¶ 82.

Rocha-Chaparro's counsel objected to the inclusion of the juvenile adjudication in the presentence report. Addendum, ECF No. 137-2 at 1. He argued that a two-level reduction in Rocha-Chaparro's total offense level was warranted under Sentencing Guideline §4C1.1(a) because Movant was a "zero-point" offender without the juvenile adjudication. *Id.* at 2. He also requested at Rocha-Chaparro's sentencing hearing that "the Court … not use … against him … conduct that … has not been adjudicated … and that has not been proven." Sent. Tr., ECF No. 157 at 11:24–12:2. He also asked that the Court "consider running his federal sentence … concurrent

with the prospective state sentence." *Id.* at 5:6–5:7.

The Court responded to Rocha-Chaparro's counsel's requests by explaining:

> THE COURT: I find that your advocacy during your allocution was outstanding. I think the government is incorrect in that I cannot find a way to get out of the guidelines because that's exactly what I'm going to do through a variance for two reasons: The aggravating circumstances of this offense taking place while he is in custody and the extraordinary efforts he went through to continue the conduct, and as pointed out by the government, that are obviously shown in the presentence report that I'm adopting -- I'm adopting the presentence report.
>
> So having said that, this is an upward variance for the reason to deter further conduct from the defendant, the need to protect the defendant -- I mean, to protect the community, that is, to disable him from continuing to conduct himself the way he is conducting himself. And, again, like I said before, because of the aggravating circumstances of this offense.
>
> Having said that, you are sentenced to 72 months in custody to run consecutively to any sentence you may get on any of your pending state cases, followed by three years supervised release.

*Id.* at 12:6–13:1.

On April 10, 2025, Rocha-Chaparro pleaded guilty to state murder, aggravated assault, and engaging in organized crime charges and was sentenced to 21 years. *See* Register of Actions, https://portal-txelpaso.tylertech.cloud /PublicAccess/CaseDetail.aspx? (search for Cause Number 20190D06137, last visited August 5, 2025).

In his § 2255 motion, Rocha-Chaparro argues that his counsel provided constitutionally ineffective assistance which "resulted in an upward variance from the sentencing guideline range." Mot. to Vacate, ECF No. 172 at 4. He explains:

> My attorney did not familiarize himself with my pending case in state court, that was included in my Presentence Report (PSR). The PSR included the pending charges, and a summary of the allegations against me in a murder and an assault case. The attorney told the judge at sentencing that he knew nothing about my pending cases except that the murder case was set for trial. My guideline range was

> 24-30 months but the judge gave me 72 months based on pending charges that my attorney did not even address at sentencing because he had not investigated them. The government did not request the upward variance. The judge did it on his own based on these pending charges that my lawyer did not ask me about or prepare for.

*Id*. He asks the Court for any relief to which he may be entitled. *Id*. at 12.

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires a district court to engage in a *sua sponte* review of all § 2255 motions before proceeding. 28 U.S.C. foll. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." *Id*. "If the motion is not dismissed, the judge must order the United States Attorney to file an answer." *Id*.

Section 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). But "it does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). It is not a "substitute for direct appeals." *United States v. Willis*, 273 F.3d 592, 596 (5th Cir. 2001); *see also United States v. Frady*, 456 U.S. 152, 167 (1982) (imposing a "cause and actual prejudice" standard on motions for collateral relief when no objection was made on direct appeal); *Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating "[w]here the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice.'"). It identifies only four grounds on which a prisoner may obtain relief: (1) the "sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in

4

excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Consequently, § 2255 does not permit relief on a claim of error that is neither constitutional nor jurisdictional unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). It also requires the prisoner to bear the burden of establishing a claim of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)). It permits a court to "vacate and set the judgment aside" if a prisoner's claims are meritorious and to "discharge the prisoner or resentence him or grant [him] a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). But it also allows a court to dismiss the motion "[i]f it plainly appears from the motion ... and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

Despite these limitations, a prisoner may still bring a Sixth Amendment "ineffective-assistance-of-counsel claim … in a collateral proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 504 (2003). If he does, his claim is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, he has the burden of showing (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish


deficient performance, he must prove that his counsel's assistance fell "'below an objective standard of reasonableness.'" *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). In other words, he must show his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Lincks*, 82 F.4th 325, 330–31 (5th Cir. 2023). "[T]o establish prejudice, [he] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (quoting *Strickland*, 466 U.S. at 694). In a guilty-plea scenario, the defendant must show that there is a reasonable probability that but for his counsel's errors he would not have pleaded guilty and would have insisted on going to trial. *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## ANALYSIS

Rocha-Chaparro argues that his counsel provided ineffective assistance which "resulted in an upward variance from the sentencing guideline range." Mot. to Vacate, ECF No. 172 at 4. He notes that his guideline range was 24 to 30 months, but the Court gave him "72 months based on pending charges that [his] attorney did not even address at sentencing." *Id.*

The record does not support Rocha-Chaparro's claim. As an initial matter, Rocha-Chaparro's counsel unequivocally urged the Court not to consider the pending state charges because they had not yet been proven.

> The only thing that I must say, so that I'm not held ineffective, is I'm hoping the Court may please not – and I know the Court won't, but just for the record, I'm hoping the Court may please not use [the pending state charges] against him for conduct that he has not been adjudicated of and that has not been proven, and that it does not prejudice the Court unduly so that I'm not held ineffective. I need to say that. Sent. Tr., ECF No. 157 at 11:24–12:3.

Moreover, the government argued for a sentence within the guideline range and did not seek an upward variance. *Id*. at 11:4–11:5. Neither side anticipated that the Court would *sua sponte* vary upward because Rocha-Chaparro committed the instant offense while incarcerated. Finally, defense counsel requested that the sentencing court "consider running his federal sentence right now concurrent with the prospective state sentence." *Id.* at 5:6–5:7. In sum, the record confirms that Rocha-Chaparro's counsel clearly acted as his advocate and did not make errors so serious that he was not functioning as the counsel the Sixth Amendment mandates. *Lincks*, 82 F.4th 325, 330–31 (5th Cir. 2023). Indeed, it shows that the Court deemed counsel's advocacy "outstanding" but lawfully rejected the defense's arguments based on aggravated factors on which it independently focused. Sent. Tr., ECF No. 157 at 12:7.

Considering all the facts and circumstances in the record, Rocha-Chaparro cannot overcome the strong presumption that his counsel's performance fell "within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). He also cannot show his counsel did anything but actively advocate for him throughout the sentencing process and, accordingly, relief is not warranted based upon the purported ineffective assistance of his counsel.

Furthermore, Rocha-Chaparro is attempting to raise a sentencing issue under the guise of an ineffective-assistance-of-counsel claim. His claim concerning the Court's technical application

7

of the sentencing guidelines does not give rise to a constitutional issue cognizable under 28 U.S.C. § 2255. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.1998).

Rocha-Chaparro cannot show that his sentence exceeded the maximum permitted by law. Accordingly, Rocha-Chaparro's underlying claim that the Court erred in determining his sentence is not cognizable under § 2255.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when it rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when it rejects his claims solely on procedural grounds. *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying Rocha-Chaparro's claims on either substantive or procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

The Court will not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes it plainly appears from the record of prior proceedings that Rocha-Chaparro cannot meet his burden of showing that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. The Court further concludes it plainly appears from the record of prior proceedings that Rocha-Chaparro cannot successfully assert a claim establishing that (1) his "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *Seyfert*, 67 F.3d at 546. The Court also concludes that Rocha-Chaparro is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Joseph Anthony Rocha-Chaparro's *pro se* "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 172) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Joseph Anthony Rocha-Chaparro is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED.**

**SIGNED** this 6th day of August 2025.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**